Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Christopher S. Hoffman**
Debtor(s)

Bankruptcy Case No.: 18–10583–TPA
Per December 4, 2018 Proceeding
Chapter: 13
Docket No.: 36 – 2, 30
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated June 11, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Wells Fargo (Claim No. 4) .

☒ H.   Additional Terms: 1) The secured claim(s) of the following Creditor(s) shall govern as to claim amount, to be paid at the modified Plan interest in monthly amount to be determined by Trustee: Toyota Motor Credit (Claim No. 3)
2) The estimated pool of funds available to be paid to general unsecured creditors and estimated percentage dividend are revised to $22,678.40 (23%).

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: December 10, 2018

cc:   All Parties in Interest to be served by Clerk in seven (7) days

```
                          United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                              Case No. 18-10583-TPA
Christopher S. Hoffman                                              Chapter 13
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0315-1          User: vson                 Page 1 of 2              Date Rcvd: Dec 10, 2018
                              Form ID: 149               Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 12, 2018.
db             +Christopher S. Hoffman,    1145 Miller Road,    Sigel, PA 15860-4425
cr             +Northwest Bank, Servicing agent for Northwest Cons,    100 Liberty Street,    P.O. Box 337,
                 Warren, PA 16365-0337
14862185       +Achille, Ellermyer & Wallisch,    379 Main St,    Brookville, PA 15825-1214
14862186       +Ally Financial,    500 Woodward Ave,    Detroit, MI 48226-3423
14862187        American Coradius Intl LLC,    2420 Sweet Home Rd,    Ste 150,    Amherst, NY 14228-2244
14862188       +Credit Adjustments Inc,    PO Box 5640,    Manchester, NH 03108-5640
14862190       +Frederic Weinberg, Esq,    375 East Elm St,    Ste 210,    Conshohocken, PA 19428-1973
14862192       +Holiday Financial Services,    1800 Daisy Street Extension,    Clearfield, PA 16830-3265
14862195       +Northwest Savings Bank,    PO Box 337,    Warren, PA 16365-0337
14862196       +Penn Highlands Brookville,    100 Hospital Road,    Brookville, PA 15825-1367
14862197        Penn Highlands Brookville,    PO Box 3345,    Indianapolis, IN 46206-3345
14862198        Penn Highlands Physician Network,    1605 N Cedar Crest Blvd,    STE 110B,
                 Allentown, PA 18104-2351
14862201       +Toyota Financial Services,    PO Box 5856,    Carol Stream, IL 60197-5856
14871554       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
14953647        US Department of Education,    P O Box 16448,    St Paul, MN 55116-0448
14862203        US Dept of Education,    3130 Fairview Park Dr,    Ste 800,    Chesapeake, VA 23323
14862202       +US Dept of Education,    PO Box 7859,    Madison, WI 53707-7859
14882715        Wells Fargo Bank, N.A.,    1000 Blue Gentian Road,    Eagan, MN 55121-7700
14862205       +Wells Fargo Financial NB,    Client Processing,    800 Walnut St,    Des Moines, IA 50309-3605
14862204        Wells Fargo Financial Natl Bank,    PO Box 660553,    Dallas, TX 75266-0553

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14863583        E-mail/Text: ally@ebn.phinsolutions.com Dec 11 2018 02:50:09     Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
14862189       +E-mail/PDF: creditonebknotifications@resurgent.com Dec 11 2018 02:52:06     Credit One,
                 PO Box 98872,    Las Vegas, NV 89193-8872
14862193        E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 11 2018 02:51:10     Jefferson Capital System LLC,
                 16 McLeland Road,    Saint Cloud, MN 56303
14862194       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 11 2018 02:52:07     LVNV Funding,
                 PO Box 10497,    Greenville, SC 29603-0497
14885979        E-mail/PDF: resurgentbknotifications@resurgent.com Dec 11 2018 02:52:07
                 LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
                 FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14885977        E-mail/PDF: resurgentbknotifications@resurgent.com Dec 11 2018 02:52:08
                 LVNV Funding, LLC its successors and assigns as,    assignee of North Star Capital,
                 Acquisition LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14863002       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 11 2018 02:52:36
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14862199       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 11 2018 02:52:22
                 Resurgent Capital Serv,    PO Box 1269,    Greenville, SC 29602-1269
14862200        E-mail/PDF: gecsedi@recoverycorp.com Dec 11 2018 02:52:17     Synchrony Bank/Walmart,
                 PO Box 965024,    El Paso, TX 79998
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Toyota Motor Credit Corporation
cr              WELLS FARGO BANK, N.A.
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14862191       ##+Holiday Financial Services,    1578 Bee Line Hwy,    Du Bois, PA 15801-3820
                                                                                              TOTALS: 2, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 12, 2018                                    Signature:  /s/Joseph Speetjens

```
District/off: 0315-1           User: vson                  Page 2 of 2              Date Rcvd: Dec 10, 2018
                               Form ID: 149                Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 10, 2018 at the address(es) listed below:
              Earle D. Lees, Jr.    on behalf of Debtor Christopher S. Hoffman bankruptcybutler@windstream.net,
               earlelees@ducom.tv;leeser84943@notify.bestcase.com
              Harry B. Reese    on behalf of Creditor    WELLS FARGO BANK, N.A. harry.reese@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;jill@pkallc.com;mary.r
               aynor-paul@pkallc.com;amanda.rauer@pkallc.com
              James  Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              Jill  Manuel-Coughlin    on behalf of Creditor    WELLS FARGO BANK, N.A. jill@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
               ;mary.raynor-paul@pkallc.com;amanda.rauer@pkallc.com
              Kurt L. Sundberg    on behalf of Creditor    Northwest Bank, Servicing agent for Northwest Consumer
                Discount Company jrizzo@marshspaeder.com,  tsapper@marshspaeder.com;r48049@notify.bestcase.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 7
```